

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# Miller v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-9011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Miller v. Horn" (2008). *2008 Decisions.* Paper 74.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/74

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-9011

JOSEPH DANIEL MILLER,
                                        Appellant

v.

MARTIN HORN, Commissioner, Pennsylvania Department of Corrections;
CONNER BLAINE, JR., Superintendent of the State Correctional
Institution, Greene County; JOSEPH MAZURKIEWICZ, Superintendent
of the  State Correctional Institution at Rockview;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 00-cv-00789)
District Judge:  The Honorable Yvette Kane

Argued: December 11, 2008

Before:  BARRY, SMITH, and ROTH, <u>Circuit Judges</u>

(Opinion Filed: December 19, 2008)

Maria K. Pulzetti, Esq. (Argued)
Defender Association of Philadelphia
Federal Capital Habeas Corpus Unit
The Curtis Center, Suite 545 West
Independence Square West
Philadelphia, PA 19106-0000

Counsel for Appellant

Francis T. Chardo, Esq.. (Argued)
Office of District Attorney
Front & Market Streets
Dauphin County Courthouse
Harrisburg, PA 17101-0000

Counsel for Appellee

---

OPINION

---

BARRY, Circuit Judge

Joseph Daniel Miller was convicted on March 24, 1993 of the 1987 kidnapping and first-degree murder of Selena Franklin and the 1989 first-degree murder of Stephanie McDuffey. His case has been before the Pennsylvania state courts, the United States District Court, and this Court ever since. We need not reprise those long and torturous proceedings and the multitude of issues raised therein because they are well known to the parties and to the courts which have considered them over these many years.

It is not disputed that only one claim remains: whether, because of Miller's mental retardation, organic brain damage, and distress at the time, his Miranda waivers were involuntary and unknowing, and whether counsel's failure to offer evidence at the suppression hearing of Miller's alleged inability to validly waive his Miranda rights

2

because of his mental condition was constitutionally ineffective.  Neither is the applicable law disputed: federal habeas relief is precluded as to any claim adjudicated on the merits in State court proceedings, as was the claim here, unless the adjudication

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The District Court concluded, as to the validity of the Miranda waivers, that the Pennsylvania Supreme Court's decision was not contrary to nor involved an unreasonable application of clearly established law as determined by the Supreme Court of the United States, nor was its decision based on an unreasonable determination of the facts.  The District Court also concluded, as to ineffective assistance of counsel, that the PCRA Court's application of the law – most particularly Strickland v. Washington, 466 U.S. 668 (1984) – to the facts was not unreasonable.

We have reviewed the extensive record in this case, have carefully considered that part of the case that remains for our consideration, and have heard oral argument.  Suffice it to say that the conclusion of the District Court was eminently correct, and will be affirmed.